GARWOOD, Circuit Judge,
in which HEAD, District Judge, joins, concurring in part and dissenting in part:
I concur in parts I, II.A.1, II.A.3., II.B. and II.C. of Judge Garza’s thorough opinion. I also join in those portions of part II.A.2. holding that, for the reasons there stated, various specific categories of claimed lost future revenues may not be recovered because the evidence does not establish them with reasonable certainty. Although I agree with the ultimate determination that the evidence suffices to adequately establish that DURAVISION and MPR suffered some recoverable lost profits, in my view the only practical and just course is to order a new trial as to all damages, actual and exemplary. The jury’s actual damage findings were not divided by category but rather consisted only of one lump sum figure for each plaintiff, $3,995,000 for DURAVISION and $4,750,000 for MPR, in response to a single special interrogatory.[53] Nothing else in the verdict provides any basis on which to divide or allocate the damage award. Judge Garza’s opinion demonstrates that less than a third of each plaintiffs lump sum actual damage award is sustainable, and that the entirety of each punitive damage award must be retried.[54] All significant categories of claimed *1541 lost profits were hotly disputed and none is established as a matter of law. In these circumstances, a full retrial on damages is plainly called for.
Before GARWOOD and EMILIO M. GARZA, Circuit Judges, and HEAD, District Judge.
ON PETITION FOR REHEARING
Sept. 1, 1995
PER CURIAM:
It is ordered that the joint petition for rehearing filed in the above case is DENIED. However, in clarification of Part II. B., we do not rule on the admissibility of Vickers’ testimony, as that issue is not before us.

. The punitive damages were similarly awarded each plaintiff in a single lump sum ($4.5 million each) in response to a single interrogatory.

.I do not necessarily agree with all those portions of part II.A.2. as find various categories of claimed lost future revenues adequately established. In determining whether the evidence suffices to allow a finding that these items were established with reasonable certainty, I would give more weight to the newness and lack of profit experience of the businesses involved, both that of the plaintiffs themselves and STOC, the inexperience of their executives and owners in both this type of business and in the foreign markets concerned, the lack of a track record for this or similar products in those foreign markets, the paucity of evidence as to the financial responsibility of STOC and Guerra, the substantial differences between the markets (and business practices) in 'the foreign nations concerned and those in the United States, and the more uncertain and changing nature of the former. I do not ultimately resolve these concerns as I believe a full new trial — at which the evidence may be different — on damages is required. I do agree with Judge Garza that “the absence of evidence that Federal was contractually bound to produce the hundreds of machines which formed the ba *1541 sis of the jury's verdict [or that such machines were available at the requisite price elsewhere] calls into question the certainty of the lost profits which the jury found." See supra note 22.